IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. |
| LAREDO MEDICAL GROUP and MERCY HEALTH SYSTEM OF TEXAS, INC. | ) ) ) ) | L-98-116 |
| Defendants. | ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("EEOC"), Plaintiff, initiated this lawsuit on December 2, 1998 against Laredo Medical Group ("LMG") and Mercy Health System of Texas, Inc. ("Mercy"), Defendants. The action was brought pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. 1981a. The complaint alleges that Elsa Pena, Alda Rodriguez, Guadalupe Eloida Palacios, and other similarly situated female employees were subjected to gender and sexual harassment because of their sex, female, and to national origin harassment because they are Hispanic. The complaint further alleges that Guadalupe Eloida

Palacios was discharged in retaliation for reporting the harassment to Defendants' Human Resource Department and that Elsa Pena was constructively discharged because of the sexual, gender, and national origin harassment and because she was subjected to retaliation for complaining about the harassment and filing an EEOC charge of discrimination.

The claimants, EEOC, LMG, and Mercy have agreed to settle fully and finally, without any admission of fault or liability, all differences between them arising out of or related to (i) the Charging Parties' employment with LMG and (ii) the Charging Parties' separation from employment with LMG. LMG and Mercy have also entered into a Confidential Settlement Agreement and Release with the Charging Parties, who are represented by independent counsel, to which the EEOC is not a party.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of Civil Action No. L-98-116 have been met. The complaint states claims, which, if proved, would authorize this Court to grant relief against Defendants LMG and Mercy, pursuant to Title VII and the Civil Rights Act of 1991.

2

2. This Decree resolves all issues raised in EEOC's complaint in this case. EEOC waives further litigation of all issues raised or that could have been raised in the above-referenced complaint and releases LMG, Mercy, Mercy Hospital of Laredo aka Mercy Regional Medical Center, their predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns, agents, directors, officers, former officers, employees, including Dr. Rebecca Gee and Dr. Henry Chen, former employees, consultants, committees, employee benefit committees, fiduciaries, representatives, attorneys, related companies, and all persons and entities acting by, through, under or in concert with any of them, harmless from any and all charges, complaints, claims, causes of action (including causes of action for sex and national origin harassment and retaliation under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e et seq.), that were asserted or that could have been asserted in the Complaint in this case. EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or may in the future be filed against Defendants LMG and Mercy.

3. The duration of this Decree shall be one year from the date of its filing with the Court. This Court shall retain jurisdiction of this action during the period of this Decree and may enter such other and further relief as it deems appropriate to

3

ensure implementation and enforcement of its provisions. Any violation of the Consent Decree by Defendants or their agents or assigns shall toll the running of this one-year period as of the date of the violation. If the Court subsequently determines this Decree was violated, the one-year period shall recommence and continue from the date of entry of an Order setting out such a violation or until such time as ordered by the Court. Should the Court find the Decree was not violated, the one-year period shall recommence, retroactive to the date of the filing of the pleading alleging that a violation had occurred.

4.   Defendant LMG, in settlement of this dispute, shall pay to Elsa Pena, Alda M. Rodriguez, and Guadalupe Eloida Palacios, the sum total of $150,000.00 (ONE HUNDRED AND FIFTY THOUSAND AND NO/100 DOLLARS). This sum is the same as and is not cumulative of the award to be paid pursuant to a separate Confidential Settlement Agreement and Release entered into between Pena, Rodriguez, and Palacios, through their private attorney, and Defendants LMG and Mercy. Payment shall be made on or before April 15, 1999. A copy of the settlement check and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Robert B. Harwin, Regional Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

5. Defendant LMG is enjoined, during the term of this Decree, from discriminating against any employee on the basis of sex, national origin, and retaliation, and from engaging in any other act or practice which has the purpose or effect of unlawfully discriminating against any past, present, or future employee on the basis of sex, national origin, and retaliation. The conduct enjoined includes sexual harassment, gender harassment, national origin harassment, and retaliation.

6. Defendant LMG shall provide its employees with a place of employment free of discrimination on the basis of sex, national origin, retaliation, and any other form of discrimination made unlawful by Title VII.

7. Defendant LMG shall post a notice regarding its practices, policies, and intent not to discriminate against any employee in violation of Title VII. Such notice shall be as set forth in Exhibit A, which is attached to this Decree. A copy of Exhibit A shall be posted at Defendant's Laredo, Texas facilities on all employee bulletin boards and other areas where employees are likely to congregate. The notices shall be posted within 10 days of the filing date of this Decree and shall remain posted for the duration of the Decree.

8. Defendant LMG shall certify, prior to execution of this Decree, that Elsa Pena's personnel records and files have been purged of any information or documents relating to her claim of discrimination, her EEOC charge, this litigation, and any discipline records, negative performance evaluations, or other statements or documents alleging unsatisfactory work performance prepared after September 17, 1997. Counsel for the parties will agree to the documents that are to be removed from Elsa Pena's personnel files.

9. LMG shall certify, prior to execution of this Decree, that Alda Rodriguez' personnel records and files have been purged of any information or documents relating to her claim of discrimination, her EEOC charge, this litigation, and any discipline records, negative performance evaluations or other statements or documents alleging unsatisfactory work performance prepared after October 3, 1997. Counsel for the parties will agree to the documents that are to be removed from Alda Rodriguez' personnel files.

10. LMG shall certify, prior to execution of this Decree, that Guadalupe Eloida Palacios' personnel records and files have been purged of any information or documents relating to her claim of discrimination, her EEOC charge, this litigation, and any

discipline records, negative performance evaluations or other statements or documents alleging unsatisfactory work performance prepared after October 3, 1997. Counsel for the parties will agree to the documents that are to be removed from Guadalupe Eloida Palacios' personnel files.

11. Defendant LMG shall certify, prior to execution of this Decree, that all of Guadalupe Eloida Palacios' personnel records and documents have been revised to reflect that she voluntarily resigned.

12. Defendants LMG and Mercy have a policy of furnishing neutral references on all employees. The policy limits references to verification of job title and dates of employment. Defendant LMG shall ensure that all future references concerning Pena's, Rodriguez', and Palacios' employment history and job performance are made in strict compliance with their policy of providing neutral references, as described above. Defendant LMG shall make no other statement, written or oral, concerning Pena, Rodriguez, and Palacios to prospective future employers and, under no circumstances, make any reference to matters arising under or relating to the filing of this complaint or the underlying charge of employment discrimination.

7

13. Defendant LMG shall counsel Dr. Henry Chen on LMG's policy against sexual harassment, gender harassment, national origin harassment, and retaliation, and advise him that any further violation of the policy will result in discipline, including discharge.

14. Defendant LMG shall require that all its managers and supervisors, including Dr. Henry Chen, participate in a training program on the various laws protecting persons from employment discrimination. Defendant LMG shall ensure that all personnel from its and Mercy's Human Resources Department also attend the training. The training will emphasize Title VII's proscriptions against harassment on the basis of sex, national origin, and retaliation. The training may be provided by in-house personnel. Within 30 days prior to the date scheduled for this training, Defendant LMG shall furnish to the EEOC a written report describing the training to be provided, the qualifications of the instructor(s) who will conduct the training, and the name and position held of all persons who are required to complete the training. The EEOC shall have the right to approve the training and the instructor.

15. The EEOC shall have the right to ensure compliance with the terms of this Decree and may: (a) conduct inspections of

8

Defendant LMG's facilities at any time; (b) interview employees; and (c) examine and copy relevant documents.

16. The terms of this Decree shall be binding upon the EEOC, LMG, and Mercy, their agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

17. Each party shall bear its own costs, including attorneys' fees, incurred in this action.

SO ORDERED.

Signed this ____12th____ day of ____April____, 1999.

*(signature)*
GEORGE P. KAZEN
United States District Judge

Respectfully submitted,

C. GREGORY STEWART
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*(signature)*
ROBERT B. HARWIN
Regional Attorney
D.C. State Bar No. 076083

SUSAN B. BIGGS
Supervisory Trial Attorney
Texas State Bar No. 02312500

CARMEN CAVAZOS PRATT
Attorney
State Bar No. 04022829

HAYNES AND BOONE, L.L.P.
Attorneys at Law
1000 Louisiana Street
Suite 4300
Houston, Texas 77002-5012
(713) 547-2025
(713) 547-2300(FAX)

ATTORNEYS FOR DEFENDANTS

ADELA P. SANTOS
Attorney
Texas State Bar No. 17646050

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
5410 Fredericksburg Road
Suite 200
San Antonio, Texas 78229-3555
(210) 281-7629
(210) 281-7669 (FAX)

ATTORNEYS FOR PLAINTIFF